```
 1           IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
 2                      FOURTH JUDICIAL DISTRICT
 3  STATE OF ALASKA,            )
                                )
 4           Plaintiff,         )
                                )
 5       vs.                    )
                                )
 6  SIMEON WASILI,              )
                                )
 7           Defendant.         )
    _____)
 8  Case No. 4BE-S03-01493 CR
 9
10                      TRANSCRIPT OF PROCEEDINGS
11            HEARING ON PETITION TO REVOKE PROBATION
12               July 20, 2005 - Pages 2 through 12
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10              HEARING ON PETITION TO REVOKE PROBATION

11           BEFORE THE HONORABLE LEONARD R. DEVANEY III
                          Superior Court Judge
12
                                          Bethel, Alaska
13                                        July 20, 2005
                                          9:09 o'clock a.m.
14  APPEARANCES:

15      FOR THE PLAINTIFF:
                                          MICHAEL J. WALSH
16                                        Assistant District Attorney
                                          Box 170
17                                        Bethel, Alaska

18      FOR THE DEFENDANT:
                                          JOHN P. CASHION
19                                        Assistant Public Defender
                                          Box 10
20                                        Bethel, Alaska

21      ALSO PRESENT:
                                          Mr. Tracksinger (ph)
22                                        Department of Corrections

23
24
25
```

```
 1                    P R O C E E D I N G S
 2   (4BE-CT-112 - no media number provided)
 3   [9:09:49]
 4       THE COURT:  We're on record in State of Alaska versus
 5   Simeon Wasili, 4BE-S03-1493, set on today for disposition.
 6   Present in court is Mr. Wasili along with Mr. Cashion, his
 7   attorney.  Mr. Walsh is here for the DA's office, and on the
 8   phone we have Probation Officer Tracksinger (ph).  Can you
 9   hear me, sir?
10       MR. TRACKSINGER:  Yes.  Good morning, Your Honor.
11       THE COURT:  'Morning.  Are the parties ready to proceed
12   with disposition?
13       MR. CASHION:  Yes.
14       MR. WALSH:  The state's --
15       MR. CASHION:  I don't know about dispo, but we have a
16   rule 11 agreement, so -- that we haven't informed you of yet.
17       THE COURT:  Okay.  This is the situation.  As I --
18   admissions were entered in -- back on the 23rd on
19   allegations 1 through 3.  And I don't think we really knew
20   about -- at that point, it turned out there were new
21   allegations.
22       MR. CASHION:  Right.
23       THE COURT:  And so my sense is those are unadjudicated.
24       MR. CASHION:  Those have not been adjudicated, and they
25   can be this morning.
```

```
 1        THE COURT:  All right.  The rule 11 agreement is what?
 2        MR. CASHION:  Can I remain seated so Mr. Tracksinger can
 3   pick me up?
 4        THE COURT:  That's fine.
 5        MR. CASHION:  It's -- those -- you know, what happened
 6   there was we initially had that original petition, and we
 7   entered the admissions, then the supplementals came in.  So
 8   he's going to enter admissions to the -- to all the
 9   allegations, so that will need to happen this morning.
10        And the rule 11 agreement is that -- and I think
11   Mr. Tracksinger is aware of this -- is that -- I want to get
12   it exactly right here, 14 months will be revoked, Your Honor,
13   and the state's agreeing not to file any assault charges based
14   on the conduct alleged against his brother, and that was the
15   allegation of the firearm.  So those charges will not be
16   pursued.
17        And this wasn't explicit, but I want to -- I'm pretty
18   sure it's implicit, and, Mr. Walsh, if we need to continue
19   this, that's fine, but also I just want to ensure that there
20   are not going to be separate charges filed on the resisting
21   arrest allegations that involve Mr. Tracksinger.  They haven't
22   been filed today, but I want to confirm that they're not going
23   to be filed just for Mr. Wasili's --
24        MR. WALSH:  Is that a separate allegation in the PTR
25   or --
```

1       MR. CASHION:  They're part of what he's going to admit to
2  today.  It's allegation 5 --
3       MR. WALSH:  Allegation 5.
4       MR. CASHION:  -- and I think that's the only -- it
5  involved Probation Officers Tracksinger and Bennett.  And I
6  just want to confirm that separate charges won't flow for
7  that, and to the best of my knowledge, they have not to date.
8       MR. WALSH:  Very -- can I have a moment, Your Honor?
9       THE COURT:  Sure.
10      MR. WALSH:  Mr. Tracksinger, do you have any problem
11 agreeing not to pursue resisting count -- charges in
12 connection with count 5 in exchange for this deal where the
13 defendant does 14 months?
14      MR. TRACKSINGER:  No.  That sounds appropriate.
15      MR. WALSH:  Okay.  That's fine, Your Honor.  We're not
16 going to pursue resisting charges.  And for the record, the
17 assault-three that the state will not pursue under this
18 agreement is an April 27th incident involving a Christopher
19 Wasili in the trooper case, so --
20      THE COURT:  All right.  And, Mr. Tracksinger, my sense is
21 you're available to give us an oral update on all that, is
22 that correct?
23      MR. TRACKSINGER:  Your Honor, I was prepared for further
24 proceedings today.  I thought we were going to adjudicate on
25 the new charges.  I wouldn't be able to give the court a very

1  thorough oral update at this time.  I would ask that I can
2  give an oral update at a later date, if that's okay.
3      MR. CASHION:  That's our request as well.  Mr. Wasili
4  would prefer to put that off, so --
5      THE COURT:  Oh, okay.  All right.  Mr. Wasili, your
6  attorney tells me -- and just to be clear, you're not -- the
7  assault-three charges are not going forward either as a new
8  charge.
9      MR. WALSH:  That's correct.  They -- that's been referred
10 to my office by the troopers, and it has not been charged,
11 and --
12     THE COURT:  And it will not be a new PTR allegation then
13 either.
14     MR. WALSH:  That's correct, Your Honor.
15     THE COURT:  All right.  Mr. Wasili, your attorney tells
16 me you've reached an agreement with the State of Alaska, is
17 that correct?
18     MR. WASILI:  Yes, Your Honor.
19     THE COURT:  Have you have enough time to talk to
20 Mr. Cashion about this?
21     MR. WASILI:  Yes, Your Honor.
22     THE COURT:  Are you satisfied with the advice he's given
23 you?
24     MR. WASILI:  Yes, Your Honor.
25     THE COURT:  All right.  As I understand it, you're going

```
 1  to be admitting to allegations 4, 5, and 6 for being with
 2  minors under the age of 16 or residing with minors; number 5,
 3  committing the offense of resisting arrest; and number 6,
 4  having a firearm on your person.  Do you understand that
 5  you're going to be admitting those, and the agreement is you
 6  will have 14 months imposed of your suspended time, no new
 7  charges or new PTRs will be filed against you involving these
 8  incidents, do you understand that?
 9       MR. WASILI:  Yes, Your Honor.
10       THE COURT:  All right.  Are you in agreement with it?
11       MR. WASILI:  Yes, Your Honor.
12       THE COURT:  Okay.  To allegation number 4, the allegation
13  is that on or about May 12th, you violated your probation by
14  having contact with minors, and also on May 12th you violated
15  by residing with minors under the age of 16.  Do you admit or
16  deny that?
17       MR. WASILI:  I admit.
18       THE COURT:  And number 5--one of your conditions is to
19  follow all laws--they're saying that on or about May 12th, in
20  Chefornak, you violated your probation by committing the
21  offense of resisting arrest.  Do you admit or deny that?
22       MR. WASILI:  I admit.
23       THE COURT:  All right.  And then one of your conditions
24  is not to have any guns or firearms under your control, and
25  the allegation is on April 27th, '05, at Chefornak, you
```

```
 1  violated probation by possessing a firearm.  Do you admit or
 2  deny that?
 3      MR. WASILI:  I admit.
 4      THE COURT:  All right.  And by admitting, I need to let
 5  you know that you do have three years and nine and a half
 6  months hanging over your head.  That's the most the court can
 7  impose.  Do you understand that, sir?
 8      MR. WASILI:  Yes, sir.
 9      THE COURT:  Okay.  By admitting, you're giving up a
10  number of rights.  You're giving up your right to appeal your
11  adjudication for any mistakes of law.  You're also giving up
12  your right to appeal your disposition as long as the court
13  imposes just the 14 months agreed upon.  Do you understand
14  that?
15      MR. WASILI:  Yes.
16      THE COURT:  You could have a hearing, you're giving up
17  your right to a hearing by admitting, but the hearing would be
18  in front of me, and the state would have to prove these
19  allegations are more likely true than not true, just anything
20  over half the evidence showing they're true.  Do you
21  understand that?
22      MR. WASILI:  Yes.
23      THE COURT:  Of course, Mr. Cashion would be there to help
24  you with the hearing.  You could confront the state's
25  witnesses, ask them questions, subpoena witnesses to testify
```

1  for you.  You've have a right to remain silent; I wouldn't
2  hold that against you.  You'd also have right -- a right to a
3  public hearing on that.  Do you understand?
4       MR. WASILI:  Yes, Your Honor.
5       THE COURT:  And just to be clear, it's -- the hearing is
6  in front of a judge and not a jury.  Do you understand that?
7       MR. WASILI:  Yes.
8       THE COURT:  Is anybody forcing you or threatening you to
9  do this?
10      MR. WASILI:  No, Your Honor.
11      THE COURT:  Is it your free and voluntary decision?
12      MR. WASILI:  Yes, Your Honor.
13      THE COURT:  Are you thinking clearly today?
14      MR. WASILI:  Yes.
15      THE COURT:  All right.  Are you sick or taking any
16 medicine?
17      MR. WASILI:  Unh-unh (negative), no.
18      THE COURT:  All right.  Mr. Cashion, do you believe your
19 client understands his rights, the rights he's giving up, the
20 amount of time hanging over his head, as well as the
21 agreement?
22      MR. CASHION:  I do.
23      THE COURT:  All right.  I'm going to find you're making a
24 knowing, intelligent, and voluntary no-contest plea -- I'm
25 sorry -- admissions with a full understanding of your rights,

1  the rights you're giving up, the amount of time hanging over
2  your head as well as the agreement.  I accept your admissions
3  and find you adjudicated now on all six allegations, these
4  last three.
5       I assume we can do disposition soon.  It's just a matter
6  of finding time.  Well, Mr. Tracksinger, how soon would you be
7  available to give us an oral update?  I'm not trying to hurry
8  you, I'm just trying to get a sense.
9       MR. TRACKSINGER:  Yes, Your Honor.  Your Honor, I'm
10 leaving Friday, I'll be out of the office for a week, and I'll
11 be back in the office on August 1st, and which I'll be
12 available for oral updates that month.
13      THE COURT:  All right.  Is there anything available maybe
14 the second week of August, Madam Clerk?
15      THE CLERK:  10:00 o'clock on the 8th.
16      THE COURT:  10:00 o'clock on August 8th for disposition?
17      MR. TRACKSINGER:  I apologize, Your Honor, but I am
18 scheduled to be traveling to villages on the 8th.
19      THE COURT:  It would be nice to have you here in court if
20 you're coming through Bethel.  When are you going to be in
21 Bethel?
22      MR. TRACKSINGER:  I agree, I agree.  How about Tuesday,
23 August 2nd?
24      THE COURT:  The clerk's checking the calendar.
25      THE CLERK:  10:00 o'clock.

```
 1        THE COURT:  10:00 o'clock on the 2nd, will that work for
 2   the parties?
 3        MR. WALSH:  Yes, Your Honor.
 4        THE COURT:  And just for the record, everyone's agreeing
 5   to an oral update.
 6        MR. CASHION:  Yes.
 7        THE COURT:  All right.  We'll be off record.
 8        MR. TRACKSINGER:  I'm sorry, Your Honor.  What time?
 9        THE COURT:  10:00 a.m. on the 2nd?
10        MR. TRACKSINGER:  I am scheduled in Curda's courtroom at
11   that time.
12        THE COURT:  We'll stay on record then.
13        THE CLERK:  The rest of the morning (indiscernible) at
14   11:00.
15        THE COURT:  11:00 o'clock then?
16        MR. TRACKSINGER:  Yes, Your Honor.
17        THE COURT:  All right.  Off record.
18        (Off record)
19   [98:19:17]
20                      - END OF PROCEEDING -
21
22
23
24
25
```

```
 1                    TRANSCRIBER'S CERTIFICATE

 2      I, M. GAYLENE LARRECOU, do hereby certify:

 3      That the foregoing pages 1 through 11 contain a full,

 4 true, and correct transcript of the proceedings of 7/20/05 in

 5 State of Alaska vs. Simeon Wasili, Case Number 4BE-S03-01493

 6 CR; that the transcription was performed by me to the best of

 7 my knowledge and ability from the audio recording.

 8      COPY

 9 M. GAYLENE LARRECOU                           Date

10 Court Reporter/Transcriber

11 Alaska Court System Certified

12 United States Court Approved

13 AAERT Certificate 00285

14

15

16

17

18

19

20

21

22

23

24

25
```