DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-091-RRB |
|---|---|---|
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | SENTENCING |
| | ) | MEMORANDUM |
| SIMEON WASILI, | ) | |
| Defendant. | ) | |

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, SIMEON WASILI, who is scheduled to be sentenced on April 7, 2006. For the reasons provided below, the government concurs with the recommendations made by the final presentence report and recommends a sentence at the high end of the

guideline range.

I.   BACKGROUND

On January 18, 2006, the defendant pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant also admitted Count 2, criminal forfeiture, in violation of 18 U.S.C. § 924(d)(1). During his plea colloquy, the defendant admitted that in April of 2005, he unlawfully possessed a shotgun, which had been transported in interstate commerce, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

II.   SENTENCING CALCULATION

A.   Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant is ten (10) years imprisonment, a $250,000 fine, three (3) years supervised release, and a $100 special assessment.

B.   Sentencing Guidelines Calculation

As noted in the Addendum to the Presentence Report ("PSR"), neither the United States nor the defendant filed any objections to the draft PSR . The guideline imprisonment range is 37-46 months.

III.   GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully recommends that the court impose a sentence at the high end of the sentencing range. When considering 18 U.S.C. § 3553, several factors are particularly relevant in this case: the nature and circumstances of the offense and the history and characteristics of the defendant, adequate deterrence to criminal conduct, and protection of the public from further crimes of the defendant.

First, the circumstances of the offense to which the defendant has admitted were acutely violent in nature. The defendant and his brother, Christopher, argued over the use of the family computer. The defendant was heard to say, "Where's the gun, I'm going to kill [Christopher]." PSR at ¶ 10. The defendant grabbed a .22 caliber rifle and attacked his brother by hitting Christopher on his head with the butt of the rifle. The defendant struck Christopher with such force that it broke the rifle and splattered blood on the stock. Christopher suffered a laceration on the top of the frontal lobe area of his head one inch long and one-half inch wide. Over a day later, Alaska State Troopers noticed that the laceration was not scabbed over and was oozing viscous white fluid. The defendant's outburst was an irrational and extremely violent reaction to a relatively minor disagreement.

Furthermore, the defendant has exhibited a similar pattern of violent and irrational conduct in the past. The defendant's criminal record is replete with

either charges or convictions, or both, of thefts and criminal mischief violations as a juvenile. In October of 2002, the defendant was convicted of Second Degree Criminal Trespass and Fourth Degree Assault. In April of 2003, the defendant was convicted of Assault in the Fourth Degree. The defendant has also been subject to multiple probation violations. Meanwhile, the defendant was only 23 years old at the time of this offense.

In December of 2002, the defendant was convicted of Third Degree Sexual Abuse of a Minor, the predicate felony offense upon which the present federal prosecution was based. The facts of that case alleged that the defendant repeatedly, over a period of six years, had sexually abused a young girl when she was between the ages of nine and fifteen years old. The defendant further threatened to kill the victim with a gun if she ever were to reveal the abuse to anyone. Again, the defendant has exhibited a long history of violent, abusive, and destructive behavior similar to that of his attack on his brother in this case.

Second, the defendant needs to be adequately deterred from such criminal conduct. For all of his contacts with law enforcement, including the conviction for Sexual Abuse of a Minor, the defendant has never been sentenced to more than one year in jail. Rather, most of the defendant's sentences have consisted of either mostly or all suspended jail time. A significant sentence in this case would likely

have the effect of deterring the defendant from further criminal conduct.

Finally, in addition to the immediate threat the defendant poses to his family, the defendant also presents a risk of harm to the people of Chefornak. According to the Chefornak Tribal Court to the Bethel Superior Court, the defendant is an "imminent threat to his family and to the community of Chefornak." PSR at ¶ 48. They ask that the defendant not be allowed to enter the village of Chefornak, "for a long period of time." PSR at ¶ 48. A sentence at the high end of the sentencing range, and isolation from the members of his community, would satisfy the need to protect the villagers of Chefornak from further crimes of the defendant.

The defendant has presented an equitable argument that, because he admitted he possessed a firearm in violation of a general condition of his state probation as part of his sentence for Sexual Abuse of a Minor, he should be treated leniently during his sentencing in federal court. The defendant's argument has not merit. The defendant received a 14 month sentence for three violations including, residing with or being in the presence of minors under the age of 16, committing the offense of resisting arrest, having a firearm on his person. The defendant's possession of a firearm in April of 2005, the subject of this prosecution, was only one of three violations. Also, an admission by the defendant in state court to a probation violation, which must be proved by a preponderance of the evidence, for

having a gun on his person is easily distinguishable from the elements of the crime of felon in possession of a firearm the federal government would have to prove beyond a reasonable doubt. Furthermore, an aggregate 14 month sentence for three violations does not adequately address the seriousness of the defendant's criminal conduct for his possession of a firearm after having been convicted of Sexual Abuse of a Minor.

Finally, the defendant was promised that state assault charges were not to be filed because he was admitting the firearm violation of his probation.[1] Defendant's Hearing on Petition to Revoke Probation at 4, lines 12-15. Here, the defendant committed felony assault on his brother (albeit arguably), in violation of AS 11.41.220(a)(1)(B), by causing physical injury to another person by means of a dangerous instrument, a class C felony. The guideline calculation in the PSR, however, does not contemplate a four-level enhancement for possessing the firearm in connection with a felony offense. Thus, the defendant has not received an upward adjustment in his sentence for the assault on his brother.

When considering the sentencing factors in 18 U.S.C. § 3553, therefore, a sentence at the high end of the sentencing range of 37-46 months is appropriate.

---

[1]   Such an agreement in state court is not binding on the federal government.

Such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)   **44 months in custody**;

(2)   **No fine is requested** due to the defendant's inability to pay;

(4)   **A three (3) year period of supervised release,** and

(5)   **A special assessment in the amount of $100.00** is, of course, required.

RESPECTFULLY SUBMITTED this 4th day of April, 2006 at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2006, a copy of the foregoing was served electronically on MJ Haden.

s/ David A. Nesbett