AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

RECEIVED

# UNITED STATES DISTRICT COURT

JUN 2 6 2006

District of _____ Alaska _____

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES OF AMERICA
**V.**
SIMEON WASILI

## JUDGMENT IN A CRIMINAL CASE

| | |
|---|---|
| Case Number: | 3:05-cr-00091-RRB |
| USM Number: | 15178-006 |

M.J. HADEN
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)    1 of the Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 922(g)(1) & 924(a)(2) | FELON IN POSSESSION OF A FIREARM | 4/27/2005 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

RECEIVED
U.S. MARSHALS SERVICE
ALASKA

April 7, 2006
Date of Imposition of Judgment

**REDACTED SIGNATURE**

Signature of Judge

RALPH R BEISTLINE, U.S. DISTRICT JUDGE
Name and Title of Judge

April 12, 2006
Date

SCANNED ✓

Certified to be a true and correct copy
of original filed in my office
Dated   4-18-06
redacted signature

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:        SIMEON WASILI                                Judgment — Page    2    of    6
CASE NUMBER:      3:05-cr-00091-RRB

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:        40 months.

X    The court makes the following recommendations to the Bureau of Prisons:
     that the defendant be placed in an institution with the largest population of Alaskan Natives consistent with his security
     level.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐    at _____    ☐ a.m.    ☐ p.m.    on _____ .

     ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐    before 2 p.m. on _____ .

     ☐    as notified by the United States Marshal.

     ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on    5-24-06 _____    to _____ .

a _____ _____ , with a certified copy of this judgment.

                                        Kuma J Deboo Warden
                                        ~~UNITED STATES MARSHAL~~

                              By    _____
                                        ~~DEPUTY UNITED STATES MARSHAL~~

RECEIVED
U.S. MARSHAL SERVICE
ALASKA
2006 JUN 23 AM 11: 53

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page   3   of   6

DEFENDANT:      SIMEON WASILI
CASE NUMBER:   3:05-cr-00091-RRB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    36 months.

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

     future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

X   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:        SIMEON WASILI
CASE NUMBER:    3:05-cr-00091-RRB

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

2.  In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall participate in either or both inpatient or outpatient treatment programs approved by the United States Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program.

3.  The defendant shall submit to a warrantless search of his person, residence, vehicle, personal effects, place of employment, and other property by a federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband or a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation.

4.  The defendant shall participate in and fully comply with either or both inpatient or outpatient mental health treatment program approved by the United States Probation Office. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program.

5.  The defendant shall conform with sex offender registration laws and other laws which exist in any jurisdiction where he resides or visits, within 24 hours of release on supervision or any change in circumstances.

6.  The defendant shall participate in a program of sex offender assessment and treatment, as directed by the probation officer, until such time as he is released from the program. This assessment and treatment may include physiological testing such as polygraph and penile plethysmograph to assist in planning, case monitoring, and supervision. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of release. The defendant shall waive his right of confidentiality in treatment and sign any necessary releases for any records imposed as a consequence of this judgment to allow the supervising United States Probation Officer to review the defendant's course of treatment and progress with the treatment provider(s).

7.  The defendant shall not reside at any location where minor children reside and shall not have any unsupervised contact with minor children unless authorized by the probation officer.

8.  The defendant shall not possess a firearm, destructive device, or other weapon.

-------------------------------------------------------------------------------------------------

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT:       SIMEON WASILI
CASE NUMBER:     3:05-cr-00091-RRB

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ _____ 0 | $ _____ 0 |  |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT:      SIMEON WASILI
CASE NUMBER:    3:05-cr-00091-RRB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   X   Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance     ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
    All firearms and ammunition involved in or used in the commission of the offense, including but not limited to one .22 caliber rifle, Remington model 66, serial number 2255576, described in Count 2, Criminal Forfeiture, 18 U.S.C. § 924(d)(1).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.